UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| WILLIAM CODY and PAUL JENSEN, | \* \* \* | CIV. 08-4024 |
| Plaintiffs, | \* \* |  |
| vs. | \* \* |  |
| DELMAR WALTER; MARK BIDNE; LT. BIEBER; DENNIS BLOCK; S. BODDECKER; BARBARA BOLDT; RODNEY BROCKHOFT; MARY BURGGRAFF; GINA BUTTERWORTH; B. CONERS; AL CRAMER; GLEN DEAN; KEITH DITMANSON; CLIFTON FANTROY; LISA FRASER; S. FREY; T. HARMS; LINDA MILLER-HUNOFF; E. IBRISEVIC; W. IRWIN; ROBERT KUEMPER; PAUL KURLE; BRIAN LEE; TOM LINNEWEBER; DENNIS LISTON; DOUGLAS LOEN; JOE MILLER; MICHELLE OAS; L. PERSON; TROY PONTO; TERRY REISNER; C. RENAUDIN; MARY RODASKY; B. SCHAEFER; DAVID SCHIEFEN; DARYL SLYKHUIS; OWEN SPURRELL; C. STRAATMEYER; HUNTER SUMMERS; GARY TAYLOR; DOUGLAS THESENVITZ; G. VANVOORST; REBECCA WEAVER; BRAD WOODWARD; DARIN YOUNG; DOUGLAS WEBER; TIM REISCH; all in their official and individual capacities; | \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | ORDER ON MOTIONS TO CONSOLIDATE (Docs. 7 & 9) AND TO CERTIFY CLASS (Doc. 6) |
| Defendants. | \* \* |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending are plaintiffs' motions to consolidate two other prisoner § 1983 cases with this one (Docs. 7 & 9) and plaintiffs' motion to certify a class (Doc. 6). One of the cases plaintiffs wish to

consolidate has been dismissed. *Brenden v. Walter et al,* CIV. 07-4007, Doc. 70 (D.S.D. Southern Division). The other is yet to be screened. *Cody v. Loen et al,* Civ. 07-4110 (D.S.D. Southern Division).

Federal Rule of Civil Procedure 42(a) authorizes consolidation of cases. The court has broad discretion regarding consolidation of cases. *Enterprise Bank v. Saettele,* 21 F.3d 233, 235 (8th Cir. 1994). The threshold question is whether the proceedings involve a common party and common issues of fact or law. *Id.*

*Brenden* cannot be consolidated with this case because *Brenden* has already been decided and dismissed. Whether the claims in this case and *Cody* involve common issues of fact and law remains to be determined. *Cody* is yet to be screened.

Whether this action should be certified as a class action also remains to be seen. An amended complaint needs to be filed and screened. In the event the amended complaint, or any of it, survives screening, defendants need to make an appearance and be heard before class certification could be granted.

It is ORDERED that the motions to consolidate (Docs. 7 & 9) are DENIED, *Brenden* (Doc. 7) with prejudice and *Cody* (Doc. 9) without prejudice.

It is FURTHER ORDERED that the motion to certify this lawsuit as a class action (Doc. 6) is DENIED without prejudice.

Dated this 18th day of September, 2008.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge