UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| WILLIAM CODY and | * | CIV. 08-4024 |
| PAUL JENSEN, | * |  |
|  | * |  |
| Plaintiffs, | * |  |
|  | * |  |
| vs. | * |  |
|  | * |  |
| DELMAR WALTER; MARK BIDNE; | * | ORDER UPON SCREENING |
| LT. BIEBER; DENNIS BLOCK; | * |  |
| S. BODDECKER; BARBARA BOLDT; | * |  |
| RODNEY BROCKHOFT; | * |  |
| MARY BURGGRAFF; | * |  |
| GINA BUTTERWORTH; B. CONERS; | * |  |
| AL CRAMER; GLEN DEAN; | * |  |
| KEITH DITMANSON; CLIFTON FANTROY; | * |  |
| LISA FRASER; S. FREY; T. HARMS; | * |  |
| LINDA MILLER-HUNOFF; E. IBRISEVIC; | * |  |
| W. IRWIN; ROBERT KUEMPER; | * |  |
| PAUL KURLE; BRIAN LEE; | * |  |
| TOM LINNEWEBER; DENNIS LISTON; | * |  |
| DOUGLAS LOEN; JOE MILLER; | * |  |
| MICHELLE OAS; L. PERSON; | * |  |
| TROY PONTO; TERRY REISNER; | * |  |
| C. RENAUDIN; MARY RODASKY; | * |  |
| B. SCHAEFER; DAVID SCHIEFEN; | * |  |
| DARYL SLYKHUIS; OWEN SPURRELL; | * |  |
| C. STRAATMEYER; HUNTER SUMMERS; | * |  |
| GARY TAYLOR; DOUGLAS THESENVITZ; | * |  |
| G. VANVOORST; REBECCA WEAVER; | * |  |
| BRAD WOODWARD; DARIN YOUNG; | * |  |
| DOUGLAS WEBER; TIM REISCH; | * |  |
| all in their official and individual capacities; | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is the need to screen a jailhouse lawyer's[1] § 1983, hundreds of pages long, measuring 4½ inches thick, class action, conclusory complaint about the South Dakota State Penitentiary law library, prisoner legal services, prisoner mail, prisoner disciplinary proceedings, prisoner access to pornographic photographs and erotic writings, prisoner disciplinary hearings, prison rules and policies, and staff retaliation against prisoners (Doc. 1). Two prisoners have named themselves as plaintiffs requesting class action certification for all the prisoners in the penal system in the State of South Dakota. They have named 46 defendants and a category of "others unknown" as defendants in their 156 paragraphs of allegations and claims.

For relief they request what the federal courts cannot award:

(1) that certain laws be set aside—

- "orders requiring the statutes of limitations on all claims challenging conditions of confinement or convictions since September 23, 1997 be tolled. . ." and

- "orders requiring any strikes pursuant to 28 U.S.C. § 1915(g) issued by any court since September 23, 1997, . . . be expunged or not counted against plaintiffs. . . ;"

(2) and that the federal court should assume control over the management and daily operation of the South Dakota State prison system—

- "declaratory and injunctive relief requiring defendants submit to the court plans and agreements for changes which shall become part of court orders that will cause the denials and omissions . . . to be corrected and maintained;" and

- "orders that will require defendants to expunge all disciplinary reports issued to plaintiffs. . . ."

They also request compensatory and punitive damages, but assert that class action status should not apply for damages. Instead the damage phase should be bifurcated so that every prisoner

---

[1]Cody has been described as a "frequent prison litigator headquartered in his cell at the South Dakota State Penitentiary who has carved out a post-conviction career that includes regularly suing the staff and management of the prison." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001).

in the class (recall the class is to include every prisoner in the system) can proceed individually in individual damage actions.  They request not only that punitive damages should be awarded, but that the punitive damages should be "used to maintain adequate inmate law libraries," a remedy the courts do not have the power to give.

## THE COMPLAINT

The complaint itself is 51 pages to which there are many, many attachments.  There are fourteen claims:

1.  Plaintiffs have been denied an adequate law library, adequate legal assistance, or another adequate alternative.  As a result they have been prevented from preparing and prosecuting their legal claims which challenge their convictions or conditions of confinement.  They allege they have been denied access to the courts, a fair trial, due process and equal protection of the law as guaranteed by the First, Sixth, and Fourteenth Amendments.

2.  Plaintiffs have been denied the assistance of other prisoners or outside sources of information after being denied adequate legal assistance.  As a result plaintiffs have been prevented from preparing and prosecuting their legal claims to challenge their convictions or the conditions of confinement.  They allege they have been denied access to the courts, a fair trial, due process and equal protection of the law as guaranteed by the First, Sixth, and Fourteenth Amendments.

3.  Plaintiffs' mail has been read or lost, and legal mail or papers have been taken, and plaintiffs' outgoing confidential legal mail has been refused to be mailed.  Other than alleging the defendants knew or should have known their conduct would "cause plaintiffs' injuries," the injuries are not alleged.  Plaintiffs allege they have been denied access to the courts, confidential correspondence with attorneys, confidentiality of privileged legal papers, a fair trial, due process and equal protection of the law as guaranteed by the First, Sixth, and Fourteenth Amendments.

4.   Plaintiffs have been denied private and confidential telephone conversations with attorneys.  The injuries are not alleged.  Plaintiffs allege they have been denied access to the courts, privileged communications with attorneys, a fair trial, due process and equal protection of the law as guaranteed by the First, Sixth, and Fourteenth Amendments.

5.  Plaintiffs' mail or property, labeled as evidence or to become evidence upon being taken, has been taken, but it has not been preserved so that it can be used as evidence in litigation.  The injuries are not alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied access to the courts, denied freedom from unreasonable searches and seizures, a fair trial, due process and equal protection of the law as guaranteed by the First, Fourth, Sixth, and Fourteenth Amendments.

6.  Rules and policies are vague, ambiguous, not comprehensible to some plaintiffs or are subject to subjective interpretation by those who enforce them.  No injury is alleged , other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied due process and equal protection of the law as guaranteed by the Fourteenth Amendment.

7.  Rules and policies have been arbitrarily interpreted, changed, enforced, or threatened to be enforced unequally, or to intimidate or to retaliate.  No injuries are alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied due process and equal protection of the law as guaranteed by the Fourteenth Amendment.

8.  Rules and policies are not posted conspicuously before they are enforced, or are used for disciplinary purposes without posting new or changed rules and policies, or have not been available for plaintiffs to copy, or have not been available to plaintiffs for an adequate time to read.  No

injuries are alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied due process and equal protection of the law as guaranteed by the Fourteenth Amendment.

9.  Rules and procedures are not clear about options for plaintiffs when the lawyer who contracted with the state to provide legal assistance to prisoners has a conflict of interest.  As a result prisoners for whom there is a conflict of interest are treated differently from prisoners for whom there is not a conflict of interest.  Prisoners without conflicts of interest can get legal copies but those who have conflicts cannot get copies, and the indigent prisoners are treated differently as a result of their poverty.  No injuries are alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied access to the courts without retaliation, due process and equal protection of the law as guaranteed by the First and  Fourteenth Amendments.

10.  Rules, policies and practices deny mail to or from plaintiffs without valid penological objectives.  No injuries are alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied rights to freedom of expression and association, due process and equal protection of the law as guaranteed by the First and Fourteenth Amendments.

11.  Prisoners are denied the right to present testimony from inmates or staff, or are denied the right to present exculpatory evidence at major disciplinary hearings.  No injuries are alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied due process and equal protection of the law as guaranteed by the Fourteenth Amendment.

12.  Plaintiffs' money is taken at minor disciplinary hearings without due process.  No persons are identified nor are specific amounts of money or other injuries alleged, other than to say money has been taken and that the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied the right to be free from unreasonable seizures, due process and equal protection of the law as guaranteed by the Fourth and Fourteenth Amendment.

13.  Plaintiffs are denied "pictorial and written representations featuring nudity or sexually explicit scenes, including erotic writing," and the senders of the pictures and writings are not notified about the refusal to deliver the pictures and writings or the reasons for the refusal to deliver. No injuries are alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied rights to free speech, to be free from unreasonable seizures, due process and equal protection of the law as guaranteed by the First, Fourth, and Fourteenth Amendments.

14.  Plaintiffs have been retaliated against, or intimidated or punished for behavior that is permissible.  No specific incidents have been described nor have any specific prisoners been identified.  No injuries are alleged, other than to say the defendants "knew or should have known [their conduct] would cause plaintiffs' injuries."  Plaintiffs allege they have been denied the right to be free from retaliation as guaranteed by the First and Fourteenth Amendments.

## DISCUSSION

The Court must assume as true all facts well pleaded in the complaint.  *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995).  Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) .  A plaintiff "does not need detailed factual allegations . .

6

. [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.*" Bell Atlantic Corp.  v. Twombly*, 127 S.Ct. 1955, 1965, (2007).   If it does not contain these bare essentials, dismissal is appropriate.  *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).  *Bell Atlantic*  requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Id.* at 1965.  *See also, Abdullah v. Minnesota*,261 Fed. Appx. 926 (8th Cir. 2008)(citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally."  *Frey v. City of Herculaneum*, 44 F. 3rd 667, 671 (8th Cir. 1995).  The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory.  *Id.*  Broad and conclusory statements unsupported by factual allegations are not sufficient.  *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974).  Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded.  *Id.*   It is with these standards in mind that Plaintiff's Complaint is carefully considered.

**ACCESS TO THE COURTS.**

The Supreme Court of the United States has explicitly recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (emphasis added).   "[C]onsistent with the constitutional

right asserted by the plaintiff, namely the right of meaningful access to the courts, the term 'adequate' as used in *Bounds* to modify 'assistance from persons trained in the law refers not to the effectiveness of representation, but to the adequacy of the prisoner's access to his or her court-appointed counsel or other law-trained assistant." *Schrier v. Halford*, 60 F.3d 1309, 1312-13 (8th Cir. 1995). The Supreme Court later explained that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance . . . .the inmate must therefore go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996). The inmate must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded. Id., 518 U.S. at 353, 116 S.Ct. at 2181.[2] To prevail on an access to the courts claim, an inmate must show he has suffered an actual injury. *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001) *cert. den.* 535 U.S. 1037, 122 S.Ct. 1797, 152 L.Ed.2d 655 (2002), and that he has suffered prejudice *Berdella v. Delo*, 972 F.2d 204, 209 (8th Cir. 1992). It has been noted that:

> in order for an inmate to show [inadequate legal facilities] hindered his efforts to pursue a . . . legal claim, he must show that he encountered more than mere delay or inconvenience. Indeed, a delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation. . . . In other words, if an inmate experienced delays in pursuing a . . . claim, but files acceptable legal pleadings within court deadlines, he cannot claim he was prejudiced by shortcomings in a prison's law library, because he has sustained no relevant actual injury.

*Benjamin v. Kerik*, 102 F.Supp.2d 157, 164 (S.D.N.Y. 2000).

---

[2]The Eighth Circuit has stated, "*Lewis* limits the scope of the right of access to the courts to the filing of an action attacking a sentence or challenging conditions of confinement." *Cody v. Weber*, 256 F.3d 764, 770 (8th Cir. 2001).

**Plaintiffs Have Not Been Denied Access To The Courts (Claim 1).**

Plaintiffs allege the law library at the SDSP was closed on September 23, 1997 and that a lawyer and his paralegal staff provide inmate legal assistance.  Plaintiffs allege that lawyers Walter and Thesenvitz have agreed [with the Department of Corrections] to provide specified legal services to inmates.

Prison authorities are required to provide either an adequate law library or adequate legal assistance from persons trained in the law. *Schrier* at 1313.  "The provision of adequate legal assistance satisfies this right and relieves the state from having to provide access to a law library or its equivalent." *Id.*  The SDSP is not required to provide a law library for inmates because they have contracted with law trained lawyers to provide legal assistance to inmates.

Plaintiffs complain about the quality of legal assistance (Doc. 1, ¶¶ 70-73).  "However, because the states are not constitutionally required to appoint counsel for indigent prisoners to pursue postconviction remedies, there is no constitutional right to effective assistance of counsel in this context." *Id.* (internal citation omitted).  The right of meaningful access to the courts does not refer to effectiveness of representation, but to the adequacy of the prisoner's access to law trained assistance. *Schrier* at 1314.

Plaintiffs allege the legal staff has "failed or refused to adequately respond" to requests for legal assistance and "thus denied plaintiffs the ability to prepare and prosecute their valid legal claims."  This is a conclusory allegation unexplained by allegations of specific facts to support the conclusion.  An access to the courts claim fails as a matter of law if an actual injury is not shown.  An inmate must demonstrate not only shortcomings in the legal assistance program, but also must go one step further to demonstrate the alleged shortcomings actually hindered efforts to pursue a legal claim. *Klinger v. Department of Corrections,* 107 F.3d 609, 617 (8th Cir. 1997).  Plaintiffs have

not demonstrated that any inmate's nonfrivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174,  2180, 135 L.Ed.2d 606 (1996).  Courts consistently require evidence that a nonfrivolous legal claim attacking a sentence or challenging conditions of confinement has been impeded or frustrated.  *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996); *Cody v. Weber*, 256 F.3d 764, 767-68 (8th Cir. 2001).  Plaintiffs have not alleged that they (or any inmate) were actually prevented from filing a complaint, or that a filed complaint was dismissed for lack of legal adequacy.  *Hartsfield v. Nichols,* 511 F.3d 826, 832 (8th Cir. 2008).

Additionally, the Eighth Circuit of Appeals has already addressed the SDSP contract attorney system for providing legal assistance to inmates. *Eaton v. Dooley,* 230 F.3d 1362 (8th Cir. 2000)(unpublished)(copy attached).[3]  The Eighth Circuit Court of Appeals ruled that claims for damages against prison officials in their individual capacities failed because it was objectively reasonable for the SDSP to close the prison law library in favor of providing contract attorneys to assist inmates with their legal needs. *Id.*  The Eighth Circuit Court of Appeals ruled that the claims against the prison officials in their official capacities likewise failed because an inmate cannot bring a denial of access to the courts claim on behalf of another inmate who is able to bring the claim in his own name. *Id.  See also Hamm v. Groose,* 15 F.3d 110, 112 (8th Cir. 1994).

Plaintiffs' claim that they have been denied an adequate law library, adequate legal assistance, or another adequate alternative fails as a matter of law to state a claim upon which relief can be awarded (Plaintiffs' claim 1).

---

[3]Citation of unpublished opinions is governed by Eighth Circuit Rule Court of Appeals Local Rule 32.1A.  *Eaton* was decided before January 1, 2007 and is cited here because of its persuasive value.  The system adopted by the SDSP to provide legal services to inmates has been previously addressed and approved by the Eighth Circuit of Appeals.  Two other issues raised in today's lawsuit are also specifically addressed in *Eaton,* i.e. standing, mentioned in the same paragraph following this footnote, and retaliation, addressed later in this opinion.

**Access To the Courts And Inmate's Right To Access To A Jailhouse Lawyer When Prison Provided Legal Assistance Is Not Available (Claim 2).**

There is no right to be a jailhouse lawyer or to receive legal assistance from a jailhouse lawyer independent of the right of access to the court. *Gassler v. Rayl,* 862 F.2d 706, 707-708 (8th Cir. 1988). ". . . [T]here is no constitutional violation in prohibiting an inmate from assisting other inmates in legal matters so long as prison officials make available to those other inmates assistance from persons trained in the law." *Flittie v. Solem,* 827 F.2d 276, 280 (8th Cir. 1987). "A prison system may experiment with prison libraries, jailhouse lawyers, private lawyers on contract with the prison, or some combination of these and other devices, so long as there is no actual harm to the access right of particular inmates." *Bear v. Kautzky,* 305 F.3d 802, 805 (8th Cir 2002).

For the most part in this case, as in *Hamm*, 15 F.3d 110, the claim is that the quality of legal assistance is impaired by prison policies. Plaintiffs for the most part have not demonstrated that inmates have been prevented from receiving legal assistance or that the inmates were unable to make their own legal claims. *Hamm* at 112. There are no allegations in this case, like there were in *Bear,* that prison officials have prevented access to or communications with jailhouse lawyers.[4]

There are, however, allegations that "after a plaintiff has been denied adequate legal assistance by prison provided sources . . ." inmates have been punished for having legal materials belonging to others in their possession. The punishment is allegedly to intimidate or retaliate in an attempt to prevent inmates from assisting each other in the preparation of legal pleadings "after they

---

[4]Plaintiffs alleged that "[u]pon transfers from SDSP to other prison locations. . ." certain named inmates have been denied communications with Cody who had been helping them with their legal papers. The language of the SDSP rule or policy is unknown, but plaintiffs' allegation is clear, i.e. communications between inmates at different prisons is not allowed. "The prohibition on correspondence [between institutions] is reasonably related to valid corrections goals." *Turner v. Safley,* 482 U.S. 78, 92, 107 S.Ct. 2254, 2264 (1987).

have been denied adequate legal assistance by prison provided sources." (Doc. 1, ¶¶ 82-84).  Under

*Bear,* 305 F.3d 802, these allegations are sufficient to state a claim upon which relief can be granted

pursuant to the First, Sixth, and Fourteenth Amendments.  In *Bear* actual injury was demonstrated

by testimony that inmates have post conviction proceedings pending or planned, but they did not

have the knowledge or skill needed to pursue the claims without legal assistance which they had

been receiving from jailhouse lawyers, but which they were prevented from receiving by the

establishment of a new prison policy which banned inmates from providing legal services to each

other and did not allow inmate to inmate correspondence.  *Bear* at 803, 804.  The inmates seeking

legal assistance from other inmates stated a claim which could be pursued, but the inmate who was

the jailhouse lawyer could not pursue a claim that he could continue to be a jailhouse lawyer.  There

is no constitutional right to provide legal assistance to other inmates.  *Bear* at 804, f.n. 2, citing

*Gassler* at 862 F.2d at 707-708.

Because there is a system in place at the SDSP to provide legal assistance to inmates which

has been addressed by the Eighth Circuit and labeled objectively reasonable (for purposes of

qualified immunity), plaintiffs must demonstrate actual injury or prejudice to state a claim upon

which relief can be granted. *Hamm* 15 F.3d at 112.  Further these two plaintiffs can only assert their

own claims for denial of access to the courts, not the claims other inmates may have.  *Id.*

Plaintiffs' claims that they have been denied the assistance of other prisoners or outside

sources of information after being denied adequate legal assistance together with the allegation that

as a result plaintiffs have been prevented from preparing and prosecuting their legal claims to

challenge their convictions or the conditions of confinement (Claim 2) fails as a matter of law to

state a claim upon which relief can be granted, with one exception.  Jensen may amend his complaint

not later than October 31, 2008, to demonstrate with specific factual allegations that he has been punished or retaliated against for trying to seek legal assistance from another inmate after being denied legal assistance from prison provided sources pursuant to the allegations of ¶¶ 82-84 & 86. This amendment must be limited to this single subject.   ¶ 86 reveals that Cody is the jailhouse lawyer from whom Jensen was seeking assistance.  Cody, a jailhouse lawyer,  has no constitutional right to provide legal assistance to other inmates and he has no constitutional right to be a jailhouse lawyer under *Bear,* 305 F.3d 802 and *Gassler,* 862 F.2d 706.

Plaintiffs' allegations in ¶74 that they have been denied legal papers, legal books, and adequate supplies to prepare valid legal claims while confined in disciplinary segregation also fail. They have not alleged that either of them was actually injured by their inability to prepare a valid legal claim.  *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174,  2180, 135 L.Ed.2d 606 (1996) provides that Plaintiffs must demonstrate that a nonfrivolous legal claim has been frustrated or impeded.  Mere delay or inconvenience is not enough to show actual injury.  *Benjamin v. Kerik*, 102 F.Supp.2d 157, 164 (S.D. N.Y. 2000).  Of course, these plaintiffs cannot assert a claim for denial of access to the courts in behalf of another inmate. *Hamm,* 15 F.3d at 112.

**Mail (Claim 3).**

Plaintiffs' claims are that legal mail has been opened outside of their presence and that outgoing legal mail has been inspected before sealing.  Plaintiffs claim an unfair advantage has been gained against them, but plaintiffs have not identified any specific incidents or injury.  Nonetheless, the Eighth Circuit has ruled that "searches and inspection of legal materials pursuant to policy and practice were sufficient to state a section 1983 claim for supervisory liability. *Waff v. South Dakota Dept. Of Corrections,* 51 Fed. Appx. 615, 617, 2002 WL 31641530, 2 (8th Cir. 2002).  An allegation

13

that "defendants obtained unfair advantage . . . satisfied requirement of alleging actual injury. *Cody v. Weber,* 256 F.3d 764, 768 (8th Cir. 2001).

This claim (Claim 3)(Doc. 1, ¶¶ 96-97 & 99) survives screening.

**Private and Confidential Telephone Calls With Attorneys (Claim 4).**

"The presence of the prison recording device destroyed the attorney-client privilege. Because the inmates and their lawyers were aware that their conversations were being recorded, they could not reasonably expect that their conversations would remain private. *United States v. Hatcher,* 323 F.3d 666, 674 -675 (8th Cir.2003). The presence of the recording device was the functional equivalent of the presence of a third party. These conversations were not privileged. *See e.g., Fisher v. Mr. Harold's Hair Lab, Inc.,* 215 Kan. 515, 519, 527 P.2d 1026, 1030 (1974) (stating that conversations are privileged only when made outside the presence of third parties); *Lipton Realty, Inc. v. St. Louis Housing Authority,* 705 S.W.2d 565, 570 (Mo.App.1986) (stating that the attorney-client privilege is waived when the client voluntarily shares the communications with third parties)."

"In general, the attorney-client privilege is personal and cannot be asserted by anyone other than the client." *See United States v. Fortna,* 796 F.2d 724, 732 (5th Cir. 1986), cited with approval in *United States v. Escobar,* 50 F.3d 1414, 1422 (8th Cir.1995).

Here plaintiffs are asserting they are entitled to confidential conversations with their lawyers about post conviction remedies and conditions of confinement.  This is a different issue than addressed in *Hatcher.*  They claim unfair advantage is the injury.  Given the Eighth Circuit's decision in *Cody* sufficient injury has been alleged.  Claim 4 survives screening.

**Evidence (Claim 5).**

Plaintiffs allege their mail or property, labeled as evidence or to become evidence upon being taken, has been taken, but it has not been preserved so that it can be used as evidence in litigation. Claim 5 survives screening.

**Arbitrary Enforcement of Vague Rules and Policies (Claims 6, 7 & 8).**

Plaintiffs claim rules and policies are vague, ambiguous, not comprehensible to some plaintiffs or are subject to subjective interpretation by those who enforce them.  Plaintiffs allege purposeful misinterpretation of rules and policies or arbitrary enforcement.   They allege rules and policies are not posted conspicuously before they are enforced, or are used for disciplinary purposes without posting new or changed rules and policies, or have not been available for plaintiffs to copy, or have not been available to plaintiffs for an adequate time to read.

"Prisoners are entitled to due process protection against arbitrary discipline."  *Haitian Centers Council, Inc. v. Sale,* 823 F.Supp. 1028, 1044 (E.D.N.Y, 1993), citing *Wolf v. McDonnell,* 418 U.S. at 571, n. 19, 94 S.Ct.at 2982, n. 19.  This requirement applies only to a major change of conditions of confinement and is normally imposed only when there has been a major act of misconduct. *Id.*  Plaintiffs have not alleged specific incidents.  Plaintiffs may amend their complaint to allege specific incidents regarding claims six, seven and eight.  The amendments must include a description of the claimed injury.

**Difference In Treatment For Inmates For Whom Contracted Lawyer Cannot Assist (Claim 9)**

Plaintiffs claim rules and procedures are not clear about options for plaintiffs when the lawyer who contracted with the state to provide legal assistance to prisoners has a conflict of interest.  As a result prisoners for whom there is a conflict of interest are treated differently from prisoners for whom there is not a conflict of interest.  Prisoners without conflicts of interest can get legal copies but those who have conflicts cannot get copies, and the indigent prisoners are treated differently as a result of their poverty.  Plaintiffs' claims are non-specific and conclusory.  There are no specific incidents described and there are no specific injuries alleged.  Plaintiffs may amend claim nine.

**Denial Of Mail (Claim 10).**

Plaintiffs have alleged mail has been denied to inmates without a valid penological purpose. "Although it is well settled that inmates have a right to receive mail, that right may be limited by prison regulations that are reasonably related to legitimate penological interests." *Weiler v. Purkett,* 127 F.3d 1047, 1050 (8th Cir. 1998) citing *Turner v. Safley,* 482 U.S. 78, 92 & 89, 107 S.Ct. 2254, 2263 & 2261-62, 96 L.Ed.2d 64 (1987). Plaintiffs allegations are non-specific and conclusory. They have not alleged a specific incident or specific injury. Plaintiffs may amend claim 10 to allege specific incidents and specific injuries.

**Denial of Right To Present Testimony Or Exculpatory Evidence At Disciplinary Hearings (Claims 11 & 12).**

Plaintiffs allege prisoners are denied the right to present testimony from inmates or staff, or are denied the right to present exculpatory evidence at major disciplinary hearings. Plaintiffs claim their money is taken without due process at disciplinary hearings. Plaintiffs allegations are non-specific and conclusory. They have not alleged a specific incident or specific injury. Plaintiffs may amend claims 11 and 12 to allege specific incidents and specific injuries.

**Denial Of Nude Photos And Erotic Writings (Claim 13).**

Plaintiffs allege they are denied "pictorial and written representations featuring nudity or sexually explicit scenes, including erotic writing," and the senders of the pictures and writings are not notified about the refusal to deliver the pictures and writings or the reasons for the refusal to deliver. "Although courts are reluctant to interfere with prison administration, allegations of deprivation of first amendment rights must be scrutinized carefully, and even conclusory allegations of constitutional violations may be held sufficient as a matter of pleading to call for the offering of supporting evidence. . . . Censorship of prisoner mail is constitutionally justified if (1) the regulation

16

or practice furthers an important or substantial governmental interest unrelated to the suppression of expression, such as institutional security, and (2) the limitation of First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved.  Further, prison officials carry the burden of establishing the need for censorship and the decision to censor or withhold deliver of a particular piece of prisoner mail must be accompanied by certain minimum procedural safeguards." *Valiant-Bey v. Morris* 829 F.2d 1441, 1443 (8th Cir. 1987)(internal citations and quotation marks omitted).  This issue cannot be resolved until the defendants respond, so claim 13 survives screening.

### Retaliation (Claim 14)

Plaintiffs allege they have been retaliated against, or intimidated or punished for behavior that is permissible.  No specific incidents have been described nor have any specific prisoners been identified.  While retaliation can support a claim for deprivation of constitutional rights, plaintiffs "must allege more than de minimis or inconsequential act to support retaliation claim." *Walker v, Bowersox,* 526 F.3d 1186, 1190 (8th Cir. 2008).  Plaintiffs need to amend their complaint about Claim.

### CONCLUSION AND ORDER

Given that the relief which plaintiffs have requested is beyond the power of the court to award, all of their claims fail to state a claim upon which relief can be granted.  It is

ORDERED that Plaintiffs are directed to file an amended complaint not later than October 31, 2008, in which they:

   (1)     restate their claims for relief;

   (2)     eliminate claims which have been found not to state a claim upon which relief can be granted (Claim 1);

(3)      eliminate defendants against whom the surviving claims do not make a claim; and

(4)      state the factual basis for each claim they have been allowed time to amend their complaint (Claims 2, 6, 7, 8, 9 ,10, 11, 12, & 14).

The amended complaint will be re-screened.  A Report and Recommendation to dismiss Claim1 and the requests for relief in this original complaint (Doc. 1) will be filed at that time, together with a recommendation to dismiss any other claims or requests for relief which fail as a matter of law to state a claim upon which relief can be granted.  Claims 3, 4, 5, & 13, together with any of the other claims and requests for relief, if any, of the amended complaint which state a claim upon which relief can be granted will be ordered to be served on the defendants against whom a claim is stated which survives screening.  Plaintiffs will have an opportunity to object to the Report and Recommendation to dismiss after the Report and Recommendation is filed. Failure to timely file the amended complaint will lead to dismissal of the lawsuit.

Dated this 18th day of September 2008.

BY THE COURT:

John E. Simko

_____

John E. Simko
United States Magistrate Judge